UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA JEAN FARRELL, an individual,<br><br>     Plaintiff,<br>vs.<br><br>DEVI HAMPTON LLC,<br>a Georgia Limited Liability Company,<br><br>     Defendant.<br>_____ | )<br>)<br>)    CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel, hereby files this Complaint and sues DEVI HAMPTON LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

1

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Clayton County, Georgia.

4. MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia. She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking and standing.

6. Defendant DEVI HAMPTON LLC, a Georgia Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Booths Crossing Shopping Center, located at 92-114 Woolsey Rd, Hampton, GA 30228.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Henry County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10. MS. FARRELL resides very close to the Property and has visited the Property several times over the past year and attempted to utilize the goods and services offered at the Property.

11. While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers more fully discussed below.

12. MS. FARRELL continues to desire to visit the Property, but fears that she will continue to experience serious difficulty and unequal treatment due to the barriers discussed herein, which still exist.

13. MS. FARRELL plans to and will visit the Property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which reduced Plaintiff's access throughout the Defendant's Property:

    A. Plaintiff encountered numerous inaccessible parking spaces intended for disabled use throughout the parking lot, mainly near Cherished Memories, Twisted Vapes and Wing Ranch, due to inadequate signage and excessive slopes. Additionally, the parking spaces are partially obstructed by built-up curb ramps which protrude into the spaces and their access aisles. These conditions made it difficult and dangerous for Plaintiff to utilize the parking lot and increased her risk of a fall while transferring into and out of a vehicle.

    B. Plaintiff encountered inaccessible sidewalks throughout the Property due to excessive slopes, changes in elevation without handrails and pavement in disrepair. These conditions made it difficult for Plaintiff to maneuver throughout the Property and increased her risk of a fall.

    C. Plaintiff encountered inaccessible curb ramps connecting the ADA parking spaces to the Property sidewalks due to disrepair, excessive slopes, lack of smooth transitions/level landings and as

noted above, several curb ramps protrude into ADA parking spaces. These conditions increased Plaintiff's risk of a fall and required that she use extra caution maneuvering over these ramps.

D. Plaintiff encountered inaccessible tenant restrooms at several of the restaurants at the Property due to inadequate grab bars, high mirrors, lack of knee clearance under the sinks, toilet flush handles on the wrong side, and paper towel dispensers mounted too high outside of the reach range for a person with a disability.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property because of its convenient location and because she enjoys the stores and restaurants located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the

filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment DEVI HAMPTON LLC, and requests the following injunctive and declaratory relief:

<ul>
<li>A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;</li>
<li>B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;</li>
<li>C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;</li>
<li>D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and</li>
<li>E. That the Court award such other and further relief as it deems necessary, just and proper.</li>
</ul>

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
    John A. Moore, Esq.
    Georgia Bar No.: 519792
    Of Counsel
    The Moore Law Group, LLC
    1745 Martin Luther King Jr., Drive
    Atlanta, GA 30314
    Tel.: (678) 288-5601
    Fax: (888) 553-0071
    Email: jmoore@moorelawllc.com
    Attorney for Plaintiff